IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL D. REHKOP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:03CV1117 ERW/AGF |
| | ) | |
| JIM MOORE, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the petition of Missouri state prisoner Michael Rehkop for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action was referred to the undersigned Magistrate Judge under 28 U.S.C. § 636(b) for recommended disposition. For the reasons set forth below, the Court recommends that the petition be dismissed.

**BACKGROUND**

The record, including exhibits submitted by Petitioner, establishes the following: On November 1, 1996, Petitioner was found guilty, upon a guilty plea, of statutory rape and sentenced to a term of seven years of imprisonment, with credit for jail time served since July 12, 1996. On August 16, 2000, while Petitioner was serving his sentence, he was notified in writing by the Board of Probation and Parole ("Board") that he had been scheduled for a conditional release extension hearing on August 23, 2000. On August 30, 2000, following the hearing, the Board informed Petitioner by written notice that his

conditional release date of June 27, 2001, had been extended to October 27, 2003, due to Petitioner's failure to complete the Missouri Sex Offender Program ("MOSOP").[1] Petitioner challenged this decision in state court, and on April 1, 2003, the Missouri Supreme Court denied relief.

On June 2, 2003, Petitioner submitted to this Court a pro se "Petition for Declaratory Judgment" against the Board. Petitioner claimed that the Board violated his constitutional rights by extending his conditional release date. He sought a declaration that his rights had been violated; actual and punitive damages in the amount of $100 and $500, respectively, for each day of unlawful confinement; and a permanent injunction prohibiting the Board from extending prisoners' conditional release dates for failure to complete MOSOP. Petitioner specifically stated that he was not requesting an order releasing him from confinement.

Along with his petition, Petitioner filed a motion for leave to proceed in forma pauperis. On August 13, 2003, while that motion was pending, Petitioner filed a motion to amend his petition, asking the Court to construe his action not as a civil rights action under 42 U.S.C. § 1983, but as a petition for habeas corpus relief, and to add Jim Moore, the superintendent of the facility where he was confined, as a Respondent. Petitioner stated that since a favorable outcome of his case would necessarily imply the invalidity of

---

[1] MOSOP, Mo. Rev. Stat. § 589.040, is a program of treatment, education, and rehabilitation for all inmates serving sentences for sexual assault offenses. At all times relevant to this case, the statute required imprisoned sex offenders to complete MOSOP in order to be considered for parole. See State ex rel. Nixon v. Pennoyer, 39 S.W.3d 521, 522 & n.2 (Mo. Ct. App. 2001).

2

his continued confinement, the proper action was by way of a habeas petition. He also stated that he was scheduled to complete his sentence and be released on September 23, 2003, and that he was filing this case prior to his release "to avoid the 'Mootness' doctrine." Petitioner further stated that he "incorporates the relief requested in his original petition as if set forth fully herein." Doc. #6.

By Order dated August 13, 2003, the Court granted Petitioner's motion to proceed in forma pauperis. The Court also granted Petitioner's motion to amend, construing the action as a petition for habeas corpus under 28 U.S.C. § 2254, and adding Jim Moore as a Respondent. The Court directed Petitioner to file an amended habeas petition on Court-provided forms, noting that by doing so, Petitioner would make it clear that he was only seeking habeas relief, and not declaratory, injunctive, or monetary relief, as requested in his original pleading. Doc. #7. On August 25, 2003, Petitioner filed a habeas petition on the Court-provided forms, naming Moore as the only Respondent.

In his habeas petition, Petitioner asserts that he has a protected liberty interest in his conditional release date, and that this date was extended without due process in that prior to the hearing, he was not notified of the reason why the Board was considering extending his conditional release date. He also asserts that under state law, non-completion of MOSOP is not a valid basis for extension of a prisoner's conditional release date, as opposed to a prisoner's discretionary administrative parole date. Petitioner adds that when the Board told him that his conditional release date would be

3

extended to his maximum release date of September 25, 2003,[2] the Board also told him that it would set an administrative parole date of January 27, 2002, based upon the assumption that he would be placed back in MOSOP and complete the program by that date. According to Petitioner, however, this date was later cancelled due to his failure to complete MOSOP, although he had not been offered another opportunity to do so.

Petitioner claims that the extension of his conditional release date also violated his equal protection rights, due to the different treatment he received as a sex offender, as well as his right to be free from cruel and unusual punishment. The last paragraph of the habeas petition reads as follows:

> Petitioner states for the record that he will be completing his sentence on September 25, 2003. Should this Court agree that Petitioner['s] rights were violated, he requests the appropriate relief, and if habeas relief is not available due to sentence completion he requests the monetary and injunctive relief requested in his original Petition for Declaratory Judgment, and incorporate that relief as if set forth fully herein.

Petitioner was released from confinement on September 25, 2003, and on September 30, 2003, Respondent Moore moved to dismiss the present habeas petition as moot. Respondent relies upon <u>Lane v. Williams</u>, 455 U.S. 624 (1982), in which the Supreme Court held that the habeas challenges to the multiple petitioners' parole revocations were moot upon expiration of the petitioners' sentences. Respondent does not address Petitioner's request for non-habeas relief.

---

[2] It is unclear from the record how this date relates to the extension date of October 27, 2003, noted earlier. This matter is not material to the disposition of Petitioner's habeas petition.

4

In response, Petitioner recognizes that relief in the form of release from confinement is now moot. He asks the Court, however, to address the merits of his claims, stating that under Heck v. Humphrey, 512 U.S. 477 (1994), he could not file his civil rights action while in prison and expect to prevail since his claims involved an attack on his continued confinement. Petitioner states that he does not believe he can now file a claim under 42 U.S.C. § 1983 against Respondent without first obtaining an order from this Court declaring the rights of the parties. He also argues that his claims would evade review if not addressed by the Court.

## **DISCUSSION**

In Lane v. Williams, state prisoners whose parole had been revoked due to violations of the terms of parole filed federal habeas actions claiming that when they pled guilty, they had not been informed of the mandatory parole terms. They sought to have their parole terms eliminated. During the pendency of the actions, they completed their sentences and were released from custody. The Supreme Court held that upon expiration of the petitioners' sentences, their habeas petitioners became moot because no "live controversy" remained. Lane, 455 U.S. at 631-33. The Court rejected the petitioners' contention that a parole revocation had sufficient collateral effects to keep the controversy live, and also rejected their contention that the case was not moot because it was capable of repetition yet evading review. Id. at 632-33.

In Spencer v. Kemna, 523 U.S. 1 (1998), the Supreme Court reaffirmed the principles announced in Lane. The Court explained that the case-or-controversy requirement for federal jurisdiction "subsists through all stages of federal judicial

5

proceedings. . . . This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 7 (citations omitted). In that case, a state inmate filed a federal habeas petition asserting the unconstitutional termination of his parole. The petition was filed while the petitioner was in prison, but while the petition was pending, the petitioner was released from prison.

Based on Lane, the Court declined to presume that collateral consequences adequate to meet the injury-in-fact requirement resulted from the petitioner's parole revocation. The Court proceeded to consider whether the petitioner had actually demonstrated such consequences. Id. at 14. The Court specifically rejected two injuries-in-fact asserted by the petitioner which parallel Petitioner's arguments in the present case -- (1) that unless he could establish the invalidity of his parole revocation, he would be foreclosed from pursuing a claim for damages under § 1983; and (2) that his case fell within the exception to the mootness doctrine for cases that are capable of repetition, yet evading review. Id. at 17.

Here, similarly, the Court concludes that the potential collateral consequences of the extension of Petitioner's conditional release date are not sufficient to meet the injury-in-fact requirement. With regard to Petitioner's contention that he can not file a claim under 42 U.S.C. § 1983 against Respondent without first obtaining an order from this Court declaring the rights of the parties, courts in this Circuit have entertained constitutional challenges to MOSOP similar to Petitioner's in the context of § 1983

actions, as this Court shall do below.  See, e.g., Patterson v. Webster, 760 F. Supp. 150 (E.D. Mo. 1991).

Petitioner's argument that his case falls within the exception to the mootness doctrine for cases that are capable of repetition, yet evading review, is also not well-taken.  Similar to the petitioner in Spencer, Petitioner has not shown that the time between extension of a conditional release date for failure to complete MOSOP and expiration of a sentence is always so short as to evade review, nor has he shown a reasonable likelihood that he will again be convicted of a sex offense and not complete MOSOP.  Spencer, 523 U.S. at 988.  In sum, the Court concludes that Plaintiff's habeas petition must be dismissed as moot.

In light of the procedural history of this case, the Court will proceed to address the merits of Plaintiff's claims which he initially asserted under § 1983.  Petitioner does not possess a liberty interest in his conditional release date because "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979), and neither Missouri law nor the Board's regulations create a liberty interest in a prisoner being released on his conditional release date, Miller v. Mitchell, 25 S.W.3d 658, 664 (Mo. Ct. App. 2000); Jones v. Moore, 996 F.2d 943, 945 (8th Cir. 1993) (determining that Missouri regulations did not provide a liberty interest in participating in MOSOP even though the program must be successfully completed prior to release on parole); Patterson, 760 F. Supp. at 153 ("Because plaintiffs have no liberty interest in parole, no procedural due process protections attach to their participation in MOSOP.").

Thus, the change in Petitioner's conditional release date and the alleged lack of an opportunity to complete MOSOP do not implicate due process protection.

Likewise, Petitioner's equal protection claim is without merit. See Gale v. Moore, 763 F.2d 341, 343-44 (8th Cir. 1985) ("[MOSOP's] goal of preventing sex crimes through rehabilitation and deterrence apparently constitutes a rational basis and justifies the classification which may have been given thereunder."); Patterson, 760 F. Supp. at 153-54; Russel v. Eaves, 722 F. Supp. 558, 560 (E.D. Mo. 1989) (requiring sex offenders to successfully complete MOSOP in order to become eligible for parole does not violate a prisoner's equal protection rights).

Lastly, Petitioner's cruel-and-unusual punishment claim fails. The cruel-and-unusual-punishment clause of the Eighth Amendment "forbids only extreme sentences that are grossly disproportionate to the crime. There is nothing inherently grossly disproportionate about being required to serve the maximum term of imprisonment allowed by statute." Phillips v. Iowa, 185 F. Supp. 2d 992, 1019 (N.D. Iowa 2002) (internal citations omitted).

## CONCLUSION

The present habeas petition is moot, and Petitioner is not entitled to any relief in the present action. The Court does not believe that "reasonable jurists" might find the Court's assessment of the issues in this case "debatable or wrong," for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2253(c)(1)(A). See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (standard) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

8

Accordingly,

**IT IS HEREBY RECOMMENDED** that the petition of Michael Rehkop for habeas corpus relief be **DISMISSED** as moot.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability should not be issued in this case.

The parties are advised that they have ten (10) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that the failure to file timely objections may result in a waiver of the right to appeal questions of fact.

/s/ Audrey G. Fleissig
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of April, 2006.